# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH A. FRAZIER, SR.,<br><br>Defendant. | No. CR94-4012-DEO<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

This matter came on for hearing on February 17, 2009, for a report and recommendation on the plaintiff's petition to revoke the defendant's term of supervised release. The plaintiff (the "Government") was represented by Assistant United States Attorney Mike Trammell. The defendant Kenneth A. Frazier, Sr. was present in person with his attorney, Matt Metzgar.

On December 13, 1996, Frazier was sentenced by the Honorable Donald E. O'Brien to 188 months' incarceration after pleading guilty to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was ordered to be on supervised release for four years following his release from prison. He began his period of supervised release on August 29, 2008.

On January 30, 2009, the Government filed a request to modify the terms of Frazier's supervised release, alleging he had failed to participate in substance abuse testing and treatment, failed to refrain from using alcohol or frequenting bars and taverns, and failed to notify his probation officer within seventy-two hours of being questioned by law enforcement. Doc. No. 181. Judge O'Brien agreed with the Government's recommendation for modification of the terms of Frazier's supervised release, and he ordered Frazier to serve five consecutive weekends in jail. *Id.*

On February 9, 2009, before Frazier began serving the five weekends in jail, the Government filed a petition to revoke Frazier's supervised release. Doc. No. 182. The

petition incorporates the two allegations of violations set forth in the previous request for modification, and alleges four additional violations by Frazier of the terms of his supervised release. *See id.* At the hearing, Frazier stipulated to all of the alleged violations listed in the petition with the exception of the violation alleged to have occurred on February 5, 2009. The Government alleges that on that date, Frazier was found in a vehicle with two women, both of whom were arrested for possession of a controlled substance. At the hearing, Frazier indicated the women were stopped for having a cracked windshield, and to his knowledge they did not have controlled substances on them and they had not been arrested. The Government offered no evidence on this alleged violation, and the court will not consider it in the disposition of this matter.

Because Frazier stipulated and admitted to all of the other violations alleged in the petition for revocation, the court finds "by a preponderance of the evidence that the defendant violated a condition of his supervised release." *United States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993) (citing 18 U.S.C. § 3583(e)(3)). Having so found, 18 U.S.C. § 3583(e) requires the court to consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether the defendant's term of supervised release should be terminated, extended, modified, or revoked. Although the court is not required to cite each relevant factor in section 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), the relevant factors are set forth here for the convenience of the district court in reviewing this Report and Recommendation:

>    (a)   . . . The court, in determining the particular sentence to be imposed, shall consider –
>
>    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>    (2) the need for the sentence imposed –
>
>    \* \* \*
>
>    (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

\* \* \*

(4) the kinds of sentence and the sentencing range established for –

\* \* \*

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

> (7) the need to provide restitution to any victims of the offense.

8 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). After considering these factors, the court may terminate, extend, revoke, or modify the term of supervised release as set forth in section 3583(e). Accordingly, the court turns to consideration of the factors set forth above.

### A. *Nature and circumstances of offense, and Frazier's history and characteristics*

Frazier's original offense was for possession of methamphetamine with intent to distribute. He was sentenced on December 13, 1996, and was released on or about August 29, 2008. He has been living with his sister and nephew. Due to physical problems and advanced age, Frazier has been unemployed since his release, and his primary support has come from his family.

Frazier underwent a substance abuse evaluation at Jackson Recovery and initially was compliant with their treatment recommendations. However, he stopped attending treatment sessions before finishing the program. Less than five months after his release from prison, Frazier was frequenting a bar in Sioux City, Iowa, and consuming alcohol. He continued to consume alcohol thereafter, even though he knew doing so was in violation of the terms of his supervised release. A short time later, Frazier obtained methamphetamine from friends and engaged in intravenous use of methamphetamine.

These facts indicate Frazier has an ongoing substance abuse addiction that prevents, and will continue to prevent, him from complying with the terms of supervised release. This factor weighs heavily in favor of revocation.

### B. *Deterrence of criminal conduct*

Any modification of supervised release imposed upon Frazier must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(1)(2)(B). The only modification of

the terms of supervised release that might deter further criminal conduct by Frazier would be placement in a long-term residential drug treatment program. However, even long-term drug treatment does not carry a high probability of success in deterring further criminal conduct by Frazier. Further, no such treatment program appears to be available for Frazier's placement. Accordingly, revocation is appropriate.

C.  *Protection of the Public from Further Crimes*

As stated above, the court finds there are no modifications of the terms of Frazier's supervised release that are likely to result in adequate protection of the public from further crimes. He appears to have an uncontrollable substance abuse problem that makes him incapable of successful supervision at this time. Therefore, revocation is appropriate.

D.  *Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

There is no evidence regarding Frazier's need for educational or vocational treatment, or other correctional treatment.

E.  *Sentencing Considerations*

The statute requires the court to consider pertinent policy statements issued by the United States Sentencing Commission, in effect at the time of Frazier's sentencing, as amended. 18 U.S.C. § 3553(a)(4)(B). The court finds two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. has committed Grade C violations. A Grade C violation consists of:

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Having so found, the Court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation:

> Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement).

Upon revocation, the recommended range of imprisonment pursuant to the Sentencing Guidelines, based upon Frazier's criminal history category of VI at the time of his original sentence, would be eight to fourteen months, utilizing the Revocation Table at U.S.S.G. § 7B1.4 (Policy Statement). Pursuant to 18 U.S.C. § 3583(e)(3), the maximum revocation sentence is three years for a Class B felony.

Any term of supervised release imposed following a revocation sentence cannot exceed the term of supervised release originally imposed, less any imprisonment served upon revocation. Accordingly, the maximum term of supervised release that could be imposed on Frazier following his release from any revocation sentence would be four years less the term of imprisonment.

## F. *Sentencing Disparities*

The final consideration is whether the court's decision here will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The court finds it will not.

## G. *Recommendation*

Upon consideration of all of the above factors, the court finds Frazier's term of supervised release should be revoked. The court further recommends Frazier be sentenced to six months in prison on the revocation, with a six-month term of supervised release

thereafter. Frazier should be required to undergo a further substance abuse evaluation within sixty days of his release, and to participate in such treatment as may be recommended for the duration of his term of supervised release. The court recommends only a six-month term of supervised release on the basis that it is unlikely Frazier can be supervised successfully over a long term.

The court recommends this revocation sentence supersede and be imposed in lieu of the five consecutive weeks in jail.

### *CONCLUSION*

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[1] to this Report and Recommendation, that the Government's petition to revoke Frazier's supervised release be **granted**, and Frazier be sentenced as set forth above.

Objections to this Report and Recommendation must be filed **by February 20, 2009**. Responses to objections, if any, must be filed **by February 24, 2009**.

**IT IS SO ORDERED.**

**DATED** this 17th day of February, 2009.

_(signature)_

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72.