# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **No. 94-CR-4012-DEO** |
| vs. | **ORDER** |
| KENNETH A. FRAZIER, SR., | |
| Defendant. | |

## I. INTRODUCTION AND BACKGROUND

This matter is before the Court pursuant to "Report And Recommendation On Petition To Revoke Supervised Release" (Docket No. 188, 02-17-2009) issued by Chief United States Magistrate Judge Paul A. Zoss, after a hearing on the Government's petition to revoke defendant Frazier's supervised release (Docket No. 182), filed on February 9, 2009. The petition to revoke incorporated two allegations of violations set forth in a previous request for modification[1] and four

---

[1] On January 30, 2009, the Government filed a request to modify the terms of Frazier's supervised release, alleging he had failed to participate in substance abuse testing and treatment, failed to refrain from using alcohol or frequenting bars and taverns, and failed to notify his probation officer within seventy-two hours of being questioned by law enforcement. Docket No. 181. This Court agreed with the Government's recommendation for modification of the terms of Frazier's supervised release, and ordered Frazier to serve
(continued...)

additional violations by Frazier of the terms of his supervised release.  This Court will not repeat the entire history of this case contained in the report and recommendation, but the same is referenced as if fully set out herein.

At the hearing before Chief Magistrate Judge Zoss, Defendant Frazier stipulated to all of the alleged violations listed in the petition for revocation with the exception of the violation alleged to have occurred on February 5, 2009. Because defendant Frazier stipulated and admitted to all of the other violations alleged in the petition for revocation, Chief Magistrate Judge Zoss found by a preponderance of the evidence that defendant violated a condition of his supervised release without taking into consideration the alleged and disputed violation of February 5, 2009.  (Report and Recommendation, p. 2).

After finding a violation, 18 U.S.C. § 3583(e) requires the court to consider certain specified factors set forth in 18 U.S.C. § 3553(a) to determine if defendant's term of

---

[1](...continued)
five consecutive weekends in jail.

supervised release should be terminated, extended, modified, or revoked.  Chief Magistrate Judge Zoss discussed these specified factors as follows:  (A) Nature and circumstances of offense, and Frazier's history and characteristics ; (B) Deterrence of criminal conduct; (C) Protection of the public from further crimes; (D) Defendant's need for educational or vocational training, medical care, or other correctional treatment in the most efficient manner; (E) Sentencing considerations; and (F) Sentencing disparities.

After Chief Magistrate Judge reviewed each factor, the following recommendation was set forth:

> Upon consideration of all of the above factors, the court finds Frazier's term of supervised release should be revoked.  The court further recommends Frazier be sentenced to six months in prison on the revocation, with a six-month term of supervised release thereafter.  Frazier should be required to undergo a further substance abuse evaluation within sixty days of his release, and to participate in such treatment as may be recommended for the duration of his term of supervised release.  The court recommends only a six-month term of supervised release on the basis that it is unlikely Frazier can be supervised successfully over a long term.  The court recommends this revocation sentence supersede and be imposed in lieu of the five consecutive weeks in jail.

## II. ANALYSIS

### A. Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

4

### III. CONCLUSION

Chief United States Magistrate Judge Paul A. Zoss concluded the report and recommendation as follows:

> Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections to this Report and Recommendation, that the Government's petition to revoke Frazier's supervised release be granted, and Frazier be sentenced as set forth above.

On February 19, 2009, defendant Frazier, through counsel, filed "Response To Report And Recommendation" (Docket No. 190), which indicates defendant has no objections to the Report and Recommendation.

The Court recognizes that defendant Frazier has waived any objections, and it appears to the Court upon review of Chief Magistrate Judge Zoss's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court **accepts** Chief Magistrate Judge Zoss's Report and Recommendation (Docket No. 188).

**IT IS FURTHER HEREBY ORDERED** that the Government's petition to revoke is **granted**.

**IT IS FURTHER HEREBY ORDERED** that defendant Kenneth A. Frazier, Sr., shall be sentenced as set forth herein, to six months in prison with a six-month term of supervised release thereafter. Defendant Frazier shall be required to undergo a further substance abuse evaluation within sixty days of his release and to participate in such treatment as may be recommended for the duration of his term of supervised release. This sentence shall replace any previous sentence modification imposed by this Court.

**IT IS FURTHER HEREBY ORDERED** that to effectuate this ruling, the United States Probation Office shall prepare a revocation judgment which will fully set forth the term of incarceration and supervision and all other relevant revocation matters not referenced herein.

**IT IS SO ORDERED** this 2nd day of March, 2009.

*/s/ Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa